JS 44 (Rev 06-17)

JP  JP  **CIVIL COVER SHEET**   *18-cv-4867*

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM)*

**18   4867**

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Patricia Bailey, individually and on behalf of all others similarly situated | Contract Callers, Inc and John Does 1-25 |

| **(b)** County of Residence of First Listed Plaintiff  Bucks | County of Residence of First Listed Defendant |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Antranig Garibian, Esq  Garibian Law Offices, PC
1800 JFK Blvd, Suite 300, Philadelphia, PA 19103
215-326-9179  ag@garibianlaw.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☒ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*
Fair Debt Collection Practices Act - 15 USC Sect. 1692 et seq

Brief description of cause:
Improper collection efforts regarding false, misleading and deceptive collection letter

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P

DEMAND $ 

CHECK YES only if demanded in complaint
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*   JUDGE _____   DOCKET NUMBER _____

NOV - 9 2018

DATE  10/31/18

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG JUDGE_____

**JP**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**18      4867**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 208 Rocksville Road, Holland, PA 18966

Address of Defendant: 501 Greene St., 3rd Fl. Suite 302, Augusta, GA 30901

Place of Accident, Incident or Transaction: See Plaintiff address

---

**RELATED CASE, IF ANY:**

Case Number _____   Judge _____   Date Terminated _____

Civil cases are deemed related when *Yes* is answered to any of the following questions.

| | | |
|---|---|---|
| 1 | Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? | Yes ☐   No ☑ |
| 2 | Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? | Yes ☐   No ☑ |
| 3 | Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? | Yes ☐   No ☑ |
| 4 | Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? | Yes ☐   No ☑ |

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE __10/31/18__   _(signature)_   94538

Attorney-at-Law / Pro Se Plaintiff   Attorney I D # (if applicable)

---

**CIVIL: (Place a ✓ in one category only)**

**A.**   *Federal Question Cases:*

- ☐ 1   Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2   FELA
- ☐ 3   Jones Act-Personal Injury
- ☐ 4   Antitrust
- ☐ 5   Patent
- ☐ 6   Labor-Management Relations
- ☐ 7   Civil Rights
- ☐ 8   Habeas Corpus
- ☐ 9   Securities Act(s) Cases
- ☐ 10  Social Security Review Cases
- ☑ 11  All other Federal Question Cases
  *(Please specify)* ___Fair debt collections practices___

**B.**   *Diversity Jurisdiction Cases:*

- ☐ 1.  Insurance Contract and Other Contracts
- ☐ 2   Airplane Personal Injury
- ☐ 3   Assault, Defamation
- ☐ 4   Marine Personal Injury
- ☐ 5.  Motor Vehicle Personal Injury
- ☐ 6   Other Personal Injury *(Please specify)* ___
- ☐ 7   Products Liability
- ☐ 8   Products Liability — Asbestos
- ☐ 9   All other Diversity Cases
  *(Please specify)* ___

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify

☐ Pursuant to Local Civil Rule 53 2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000 00 exclusive of interest and costs

☐ Relief other than monetary damages is sought.

NOV - 9 2018

DATE _____   _____   Attorney-at-Law / Pro Se Plaintiff   Attorney I D # (if applicable)

NOTE A trial de novo will be a trial by jury only if there has been compliance with F R C P 38

Civ 609 (5/2018)



# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Patricia Bailey et al                                 :          CIVIL ACTION
                                                      :
                            v.                        :
Contract Callers, Inc. et al.                         :          18      4867
                                                      :          NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus   Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security ·· Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos   Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                            ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court.  (See reverse side of this form for a detailed explanation of special
management cases.)                                                               ( )

(f) Standard Management ·· Cases that do not fall into any one of the other tracks.   (x)

---

10/31/18
**Date**

**Attorney-at-law**

Patricia Bailey
**Attorney for**

215-326-9179
**Telephone**

267-238-3701
**FAX Number**

ag@garibianlaw.com
**E-Mail Address**

(Civ. 660) 10/02

NOV - 9 2018





# GARIBIAN
## —— LAW OFFICES ——

October 31, 2018

***Via First Class Mail***
Clerk's Office
U.S. District Court, EDPA
2609 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1797

**18   4867**

        **RE:   Patricia Bailey v. Contract Callers, Inc.**

Dear Sir/Madam:

      Enclosed please find a Civil Action Complaint and Summons as referenced above. My firm's check in the amount of $400.00 to cover the cost of filing same is also enclosed herewith. Kindly file the original of record and return a timestamped copy in the enclosed return envelope.

      Thank you for your anticipated cooperation.

                    Sincerely,

                    ANTRANIG GARIBIAN

AG/as
Enclosure




$4^{00}

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

PATRICIA BAILEY, individually and on
behalf of all others similarly situated,

                       Plaintiff,

       -v.-

CONTRACT CALLERS, INC. and
JOHN DOES 1-25,

                      Defendants.

C.A No: **18    4867**

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

---

## COMPLAINT

Plaintiff Patricia Bailey (hereinafter, "Plaintiff" or "Bailey"), a Pennsylvania resident, brings this Class Action Complaint by and through her attorneys, Garibian Law Offices, P.C., against Defendant Contract Callers, Inc. (hereinafter "Defendant" or "Defendant Contract Callers"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION

1.      Congress enacted the Fair Debt Collection Practices Act (hereinafter "FDCPA" or "Act") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time,

1

Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.      Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id* § 1692(e). "After determining that the existing consumer protection laws ·were inadequate." *Id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over any state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as this is where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.      Plaintiff brings this class action on behalf of a class of Pennsylvania consumers under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6.      Plaintiff is seeking damages and declaratory relief.

2

## PARTIES

7.      Plaintiff is a resident of the Commonwealth of Pennsylvania, Bucks , residing at 208 Rocksville Road, Holland, PA 18966.

8.      Defendant Contract Callers is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 501 Greene Street, 3rd Floor Suite 302, Augusta, Georgia 30901.

9.      Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10.      John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

11.      Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12.      The Class consists of all individuals with addresses in the Commonwealth of Pennsylvania to whom Defendant Contract Callers sent a collection letter attempting to collect a consumer debt and making a settlement offer which:

1.   stated that it will not sue the consumer;

2.   did not clearly state that the consumer could no longer be sued by any party;

3.   failed to disclose that the previously-lapsed statute of limitations to file a lawsuit to collect the debt will recommence upon payment;

3

4. was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

14. Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692e and 1692g.

16. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

1. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

2. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 USC §§ 1692e and 1692g.

3. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

4. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

5. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a

single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

21.     Some time prior to November 6, 2017, an obligation was allegedly incurred to TMobile by the Plaintiff.

22.     The TMobile obligation arose out of telecommunications services provided to Plaintiff by TMobile. Plaintiff used these services primarily for personal, family or household purposes.

23.     The alleged TMobile obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

24.     Sometime thereafter, the alleged TMobile debt was purportedly sold, transferred or assigned to current creditor T-Mobile USA, Inc. from the original creditor TMobile.

25.     Creditors TMobile and/or T-Mobile USA, Inc. contracted with the Defendant Contract Callers to collect the alleged debt.

6

26.     Defendant Contract Callers collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation – November 6, 2017 Collection Letter*

27.     On or about November 6, 2017, Defendant Contract Callers sent Plaintiff an initial written communication (the "Letter") seeking to collect an alleged debt. **See November 6, 2017 Collection Letter – Attached hereto as Exhibit A**.

28.     When a debt collector solicits payment from a consumer, it must, within five days of an initial communication, notify the consumer in writing of:

1.  the amount of the debt;

2.  the name of the creditor to whom the debt is owed;

3.  a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

4.  a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

5.  a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

7

29.     The FDCPA further provides that "if the consumer notifies the debt collector in writing within the thirty day period . . . that the debt, or any portion thereof, is disputed . . . the debt collector shall cease collection . . . until the debt collector obtains verification of the debt . . . and a copy of such verification is mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(b).

30.     Although a collection letter may track the statutory language, "the collector nevertheless violates the Act if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty." Russell v. EQUIFAX A.R.S., 74 F.3d 30, 35 (2d Cir. 1996) ("It is not enough for a debt collection agency to simply include the proper debt validation notice in a mailing to a consumer-- Congress intended that such notice be clearly conveyed."). Put differently, a notice containing "language that 'overshadows or contradicts' other language informing a consumer of her rights . . . violates the Act." Russell, 74 F.3d at 34.

31.     The very bottom of the Letter states "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. If you do not pay the debt, we (Contract Callers Inc), may report or continue to report it to the credit reporting agencies as unpaid."

32.     The alleged debt is time-barred, meaning that no party can legally sue to collect this debt.

33.     The Letter implies that Defendant Contract Callers has chosen not to sue ("we will not sue you"), rather than the accurate statement that neither Defendant Contract Callers, nor TMobile or T-Mobile USA, Inc., nor any subsequent creditor/collector can file a lawsuit.

8

34.     Moreover, the Letter is patently false in that Defendant Contract Callers, as a debt collector in this instance, has no legal standing to sue the consumer on the debt.

35.     Only the creditor or entity who owns the debt has the legal right to sue, which in this case was barred by the statute of limitations.

36.     Defendant failed to advise Plaintiff of the time-barred status of the debt and merely advised that Defendant will not sue.

37.     The statement contained in Defendant Contract Caller's Letter is materially false and deceptive to the unsophisticated consumer, who would be led to believe that Defendant, T-Mobile USA, Inc. or a subsequent creditor has the option to sue for the debt.

38.     Further, the Letter is materially deceptive as it fails to disclose that the previously-lapsed statute of limitations to file a lawsuit to collect the debt will recommence upon payment by Plaintiff.

39.     The Letter contains Plaintiff various settlement offers to settle the alleged debt for less than the full amount due.

40.     The settlement offers contained in the Letter only serve to make this Letter more deceptive and misleading in that Defendant attempted to entice Plaintiff to accept a settlement offer for an amount less than the balance due without disclosing that acceptance of these offers would restart the statute of limitations for the creditor to sue Plaintiff on the debt.

41.     Defendant made false, deceptive and misleading representations when it communicated to Plaintiff that it was opting not to sue Plaintiff, when in fact, it was not permitted to sue as a matter of law, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5) and 1692e(10).

9

42.     The deceptive and misleading statements and material omissions, coupled with the proffered settlement offers, caused Plaintiff to fear the potential for a future lawsuit and enticed her with the option of immediate payment for less than the full balance due from Plaintiff.

43.     These deceptive and misleading statements and material omissions overshadowed the "g-notice" language of the Letter which entitles Plaintiff to a 30-day period to either dispute or request validation of the alleged debt, a violation of 15 U.S.C. §1692g.

44.     Plaintiff incurred an informational injury as she was falsely advised of her true legal rights with regard to the alleged debt.

45.     As a result of Defendant's false, deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692e *et seq.*

46.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

47.     Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

48.     Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

49.     Defendant made deceptive and misleading representations when it communicated to Plaintiff that it was choosing not to sue Plaintiff, when in fact, it was not permitted to sue as a matter of law, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5) and 1692e(10).

50.     Further, Defendant failed to advise that any payment made on the debt by Plaintiff would restart the statute of limitations for bringing a lawsuit.

10

51.     By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

52.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

53.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

54.     Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

1.     The amount of the debt;

2.     The name of the creditor to whom the debt is owed;

3.     A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;

4.     A statement that the consumer notifies the debt collector in writing within thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer

11

and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

5.   A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

55.   Defendant violated 15 U.S.C. §1692g by failing to clearly and adequately inform the consumer as to the true legal status of the debt and potential ramifications resulting from non-payment and non-payment of the alleged debt.

56.   Defendant further violated 15 U.S.C. §1692g by making settlement offers within the 30 day "g notice" period, enticing the consumer to make a payment to settle the debt without notifying her that payment would restart the statute of limitation to sue on the debt.

57.   These deceptive offers overshadow the "g-notice" contined in the Letter.

58.   By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated 15 U.S.C. § 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

59.   Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Patricia Bailey, individually and on behalf of all others similarly

situated, demands judgment from Defendant Contract Callers, Inc. as follows:

1.      Declaring that this action is properly maintainable as a Class Action and certifying

Plaintiff as Class representative, and Antranig Garibian, Esq. as Class Counsel;

2.      Awarding Plaintiff and the Class statutory damages;

3.      Awarding Plaintiff and the Class actual damages;

4.      Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and

expenses;

5.      Awarding pre-judgment interest and post-judgment interest; and

6.      Awarding Plaintiff and the Class such other and further relief as this Court may

deem just and proper.


Dated:   October 31, 2018                  Respectfully Submitted,

**GARIBIAN LAW OFFICES, P.C.**

Antranig Garibian, Esq.
PA Bar No. 94538
1800 JFK Blvd, Suite 300
Philadelphia, PA 19103
ag@garibianlaw.com
*Attorneys For Plaintiff*

# EXHIBIT A

PO Box 2207
Augusta, GA 30903-2207

Personal & Confidential

➤ Address Changed? Make Changes Below

PATRICIA BAILEY

| | |
|---|---|
| TO PAY BY CREDIT CARD, PLEASE COMPLETE THIS SECTION | ☐ VISA ☐ |
| CARD NUMBER | EXP. DATE |
| SIGNATURE | SECURITY CODE |
| | AMOUNT |

Contract Callers, Inc.
PO Box 2207
Augusta, GA 30903-2207

◄ ▲ Pay To ▲

➤ Billing Phone Number: _____
➤ E-Mail Address: _____

➤ Make check or money order payable to Contract Callers Inc.  By Phone: 844-202-6925  ◄
▲ Please Detach And Return In The Enclosed Envelope With Your Payment ▲

# CCI Contract Callers Inc.

501 Greene Street, 3rd Floor Suite 302 • Augusta, GA 30901
844-202-6925

Hours of Operation
Monday - Thursday 8AM-9PM EST
Friday 9AM-6PM EST
November 6, 2017

Dear PATRICIA BAILEY,

Sometimes difficult situations arise that can cause financial hardship. We have developed three affordable options for you to pay off this account if the debt is not disputed. We want you to know that you do have options to resolve this account.

**1. DISCOUNT OFFER**
Pay $164.55 (60% Reduction) and your account will be considered "Satisfied" after we post your payment.
T-MOBILE USA, INC. IS NOT REQUIRED TO RENEW THESE OFFERS.

**2. MONTHLY PAYMENT PLAN**
Pay 4 monthly installments: 3 equal payments of $102.85 and a final payment of $102.83. Your account will be considered "Paid in Full" after your final payment posts to your account.

**3. ADDITIONAL PAYMENT OPTIONS**
Contact one of our Professional Representatives to discuss our various payment options.

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

| | |
|---|---|
| 📞 | Call Toll-Free **844-202-6925** to discuss payment arrangements |
| 💻 | You can now pay online at: **www.contractcallers.com** |
| ✉ | Pay by mail to: Contract Callers, Inc • PO BOX 2207 AUGUSTA, • GA 30903-2207 |
| 🔄 | Pay by MoneyGram: Use Receiver Code 4994 |

The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. If you do not pay the debt, we (Contract Callers Inc), may report or continue to report it to the credit reporting agencies as unpaid.